UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH GOMEZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>LAURIE HERNANDEZ<br><br>Defendant. | Case No.: 19cv2028-LAB (JLB)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

After Plaintiffs filed their complaint, the Court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction and for improper venue. The claims stem from a car accident that occurred in Riverside County.

Plaintiffs have now amended their complaint. Although they cite the U.S. Constitution, their claims do not arise under it or under any federal law and they have not argued that the Court can exercise federal question jurisdiction over this action. Rather, the Amended Complaint relies on alienage jurisdiction. (Am. Compl. at 1:26–2:3.)

Plaintiffs allege that they are Mexican citizens, but have failed to allege Defendant's citizenship. Although the Court's order cited *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) for the principle that alleging residence is not

enough to plead citizenship, Plaintiffs have still not pled Hernandez's state or national citizenship. Instead, they continue to allege only that she is a resident of California. (*Id.* at 2:1–3.) Plaintiffs therefore have not met their burden of establishing subject matter jurisdiction. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal jurisdiction is presumed to be lacking, until the party invoking the court's jurisdiction establishes otherwise).

The Court also pointed out that venue appeared to be improper here. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1988) (district court can raise issue of defective venue *sua sponte*, as long as it has not been waived). The accident occurred in the Central District of California, and nothing in the complaint connects either the cause of action or any of the parties with this District. The Court can, and does, raise rely on defective venue as an alternative basis for dismissal. *See id.* at 1488 (affirming dismissal of action for improper venue).

Because Plaintiffs have failed to meet their burden to plead facts establishing subject matter jurisdiction, and because venue is improper in this District, this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 4, 2019

*[signature]*
Honorable Larry Alan Burns
Chief United States District Judge